HAVEMEYER *v.* WRIGHT.[*]

*(Circuit Court, E. D. Pennsylvania. January 24, 1881.)*

1. SEVERABLE CONTRACT—TENDER OF PART PERFORMANCE—REFUSAL TO ACCEPT—AFFIDAVIT OF DEFENCE.

A. contracted to deliver to B. 700 tons of rails, to be shipped from Europe, in February, in one or more vessels, each cargo to be paid for on delivery. A. shipped one cargo of 342 tons, which arrived in May, but B. refused to accept it. In a suit brought by A. against him, B. filed an affidavit of defence setting forth that A. had not shipped the residue at the time he tendered the first cargo, and had never intended to ship them. *Held*, a sufficient defence.

Rule for judgment for want of a sufficient affidavit of defence.

This was an action of *assumpsit* by Havemeyer & Vigelius against Peter Wright & Sons. Plaintiffs filed a copy of the following contract:

<div style="margin-left: 2em;">

"70 WALL STREET,
"NEW YORK, Jan. 20th, 1880.

"Sold for account of Messrs. Havemeyer & Vigelius seven hundred (700) tons old T iron rails, (5 per cent., more or less, seller's option,) for shipment from Europe to Philadelphia in February, 1880, and for delivery, *ex* vessel or vessels, on wharf in port of Philadelphia; price forty-three and one-half dollars ($43.50) per ton of 2,240 pounds; U. S. custom house weights to decide quantity. Terms: Spot cash, on presentation of invoice, with U. S. certificate of weight for each lot. Name of vessel to be given to buyers as soon as known to sellers.

"GEO. A. BOYNTON,
"Broker.
"Per GEO. H. WRIGHT.

"Accepted.
"PETER WRIGHT & SONS. Per M."

</div>

With the above was filed a copy of invoice presented to defendants June 7, 1880, for 342 700-2240 tons at $43.50,—$14,890.59,—with United States certificate of weight; imported in ship Livingston, which arrived May 8, 1880.

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

Defendants filed an affidavit of defence setting forth *inter alia*—

"Before the tender of the delivery of the goods for which this action is brought the defendants had ascertained that the plaintiffs did not intend to comply with their contract, a copy of which is filed in the cause, in this: that the residue of the 700 tons old T rails mentioned in the contract had never been shipped by plaintiffs, nor were ever intended by them to be shipped or delivered to defendants; and they knew this when they sought to make defendants accept and pay for a part of the goods agreed to be bought and sold for this reason. When the delivery was tendered of the goods for the price of which this action was brought, the same were rejected and refused by the defendants."

*Samuel C. Perkins*, for the rule.

The contract is severable, and plaintiffs are entitled to recover the price of the cargo for which suit is brought. *Scott* v. *Kittanning Coal Co.* 89 Pa. St. 231; *Morgan* v. *McKee*, 77 Pa. St. 228; *Lucesco Oil Co.* v. *Brewer*, 66 Pa. St. 351; note to *Cutter* v. *Powell*, 2 Smith's Lead Cas. (5th Am. Ed.) 45; *P., W. & B. R. Co.* v. *Howard*, 13 How. 307; *Perkins* v. *Hart*, 11 Wheat. 237; *Sickels* v. *Pattison*, 14 Wend. 257.

*R. C. McMurtrie, contra,* was not called upon.

McKENNAN, C. J. Beyond all question this is an entire contract, and to hold that tender of a part takes away the right of rescission, when the affidavit says that there was not only an impossibility of delivery as respects the balance but an intention not to deliver, would be to go beyond anything that the English courts have held.

Rule discharged.